UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SYLVIA CULORA, | ) | CASE NO. 1:09 CV 0402 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| METROPOLITAN HOSPITAL, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Before the court is pro se plaintiff Sylvia Culora's complaint against defendant Metropolitan Hospital ("the Hospital"). Ms. Culora alleges the defendant unlawfully terminated her employment based on her race, gender and age. For the reasons set forth below, Ms. Culora's gender discrimination claim is dismissed.

*Background*

The complaint is brief. On or about April 2008, Ms. Culora was fired from her job at the Hospital. She claims that while she learned a new computer system adopted by the Hospital, two African American employees failed to meet that challenge. Moreover, they made more mistakes than she, but were given "a nice retirement." Of these two African American co-workers, one is a

female who is still employed by the Hospital and was allegedly offered three different job choices.

Attached to the complaint is an Equal Employment Opportunity Commission (E.E.O.C.) Notice of Right to Sue, dated December 30, 2008. Ms. Culora filed her complaint within 90 days of the E.E.O.C. Notice.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, plaintiff's gender based discrimination claim is dismissed pursuant to section 1915(e).

*Title VII - Gender Discrimination*

Title VII prohibits discrimination in employment on the basis of race, color, religion, sex and national origin. See 42 U.S.C. § 2000e-2. While Ms. Culora may have colorable race and age discrimination claims, the same cannot be said regarding her claim of gender discrimination. In general, to establish a claim of gender discrimination, plaintiff must establish (1) she is a member of a protected class, (2) she was subjected to an adverse employment action, (3) she was qualified for the position, and (4) comparable non-protected persons were treated better. Peltier v. United States, 388 F.3d 984, 987 (6th Cir.2004); Mitchell v. Toledo Hosp., 964 F.2d 577, 582-583 (6th

Cir.1992). Although Ms. Culora does not have to state a prima facie case at this stage,[1] she must still allege critical elements. Instead, she admits a female co-worker, who is also protected under Title VII, was treated better than she. This negates Ms. Culora's gender discrimination because she fails to allege a "<u>non-protected</u> person was treated better." Accordingly, plaintiff gender based discrimination claim is dismissed.

## *Service*

Based on the foregoing, Ms. Culora's Title VII **gender discrimination claims against the Hospital are dismissed**. The court certifies that an appeal from this dismissal could not be taken in good faith. Her claims that she was discriminated against based on her race and age, however, shall proceed against Metropolitan Hospital. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process, **which must be perfected within 120 days of this order**. The Clerk's Office shall include a copy of this order in the documents to be served upon the defendant.

IT IS SO ORDERED.

Dated: June 8, 2009　　　　　　　　　　　　　　　*s/　　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] Under <u>Swierkiewicz v. Sorema</u> N. A., 534 U.S. 506 (2002) the Supreme Court established that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination under McDonnell Douglas, but must contain only a short and plain statement of the claim showing that the pleader is entitled to relief.