UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
SYLVIA CULORA, :
: CASE NO. 1:09-CV-402
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. 21.]
METRO HOSPITAL, :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this race and age employment discrimination action, Defendant MetroHealth System moves for summary judgment against *pro se* Plaintiff Sylvia Culora. [Doc. 21.] Because Culora has not made out a prima facie case of discrimination, and also because she has failed to adduce any evidence that MetroHealth's proffered reason for terminating her was pretextual, the Court GRANTS MetroHealth's motion.

MetroHealth employed Culora as a Laboratory Processing Clerk from 1999 until 2008, when it terminated her following numerous performance issues. In particular, MetroHealth cited Culora for 22 performance errors beginning in 2002, including numerous mistakes in processing medical specimens slated for testing and a failure to follow MetroHealth's procedures to protect confidential patient information. [Doc. 21-6; Doc. 21-7; Doc. 21-8; Doc. 21-9; Doc. 21-10; Doc. 21-11; Doc. 21-12; Doc. 21-13; Doc. 21-14; Doc. 21-15; Doc. 21-16; Doc. 21-17; Doc. 21-18; Doc. 21-22; Doc. 21-23.] As a result of these repeated errors, Culora received verbal and written warnings, retraining, two one-day suspensions from work, and in 2006, a last chance agreement in lieu of discharge.

Case No. 1:09-CV-402
Gwin, J.

However, Culora's mistakes continued: she failed to correctly complete a hospital census report, she failed to resolve billing errors as assigned, and she erroneously processed several test specimens. [Doc. 21-24; Doc. 21-25; Doc. 21-26; Doc. 21-27; Doc. 21-28; Doc. 21-29.] Moreover, she lied about one of her mistakes. MetroHealth discussed each of these errors with her, suspended her for five additional days, extended her last chance agreement, and required that she undergo additional retraining. Culora did not dispute any of these mistakes. Finally, in 2008, Culora failed to complete testing on a specimen and failed to reconcile pending tests. Consequently, MetroHealth discharged her. [Doc. 21-31.] Culora's union grieved her discharge, MetroHealth denied the grievance, and the union refused to arbitrate.

Culora then brought this *pro se* action, claiming that MetroHealth discriminated against her on the basis of race, sex (a claim the Court dismissed), and age. [Doc. 1.] Culora (age 56 at the time of her termination and white) alleges that two black employees—John Hadley (72) and Olivia Love (51)—made more mistakes than Culora and could not learn the computer system but MetroHealth nevertheless gave them a "nice retirement" instead of terminating them. [Doc. 1.]

On a summary judgment motion, the Court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) (on summary judgment motion, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented"). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), governs

Case No. 1:09-CV-402
Gwin, J.

disparate-treatment claims like Culora's:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination.  Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection."  Third, should the defendant carry this burden, the plaintiff must then have the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (quoting *McDonnell Douglas*, 411 U.S. at 802-04).

Here, Culora's claims fail at both the prima facie step and the pretext step.  To make out a prima facie case, a plaintiff must show that (1) she is a member of a protected class, (2) she was qualified for the job, (3) she suffered an adverse employment decision, and (4) she was treated differently than similarly situated non-protected employees.  *Newman v. Fed. Exp. Corp.*, 266 F.3d 401, 406 (6th Cir. 2001).  To establish that she was "qualified" for a position she already held, an employee "must demonstrate that she was meeting her employer's legitimate expectations and was performing to her employer's satisfaction." *Warfield v. Lebanon Correctional Inst.*, 181 F.3d 723, 729 (6th Cir. 1999).

In this case, the evidence overwhelmingly indicates that Culora was not meeting MetroHealth's legitimate expectations or performing to MetroHealth's satisfaction.  She repeatedly made errors in processing patient specimens slated for lab tests, resulting in inaccurate test results, wasted tests, and delay.  Moreover, she misled MetroHealth about several of those errors.  No evidence indicates that Culora was meeting MetroHealth's expectations.  Because no reasonable jury could find that Culora was qualified for her position in light of her extensive disciplinary history, she has failed to make out a prima facie case of discrimination.

Case No. 1:09-CV-402
Gwin, J.

Moreover, even if Culora had established a prima facie case, Culora's claims also fail at the pretext step. The Sixth Circuit has explained that "[a]t the summary judgment stage, the [pretext] issue is whether the plaintiff has produced evidence from which a jury could reasonably doubt the employer's explanation." *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 n.4 (6th Cir. 2009). The plaintiff has at least three avenues for showing pretext: "(1) that the [employer's] proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that they were insufficient to motivate the employer's action." *Id.* at 400.

Here, MetroHealth has enunciated a legitimate, nondiscriminatory reason for terminating Culora—namely, her deficient performance—and Culora has adduced no evidence that MetroHealth's stated reason was pretextual. First, there is no evidence that MetroHealth's stated reason lacked a factual basis. *See id.* at 400. Before MetroHealth terminated her, it imposed 22 disciplinary sanctions for performance deficiencies—none of which she disputed. Second, there is no evidence that MetroHealth's stated reason did not actually motivate its decision to terminate Culora. *See id*. MetroHealth disciplined Culora immediately following each of her mistakes, not after it decided to terminate her. Moreover, its disciplinary sanctions became progressively more serious, from discussions to verbal warnings, to written warnings, to retraining, to work suspensions to a last chance agreement in lieu of termination. When these progressive sanctions did not end Culora's mistakes, MetroHealth terminated her. Third, MetroHealth's stated reason was sufficient to motivate its decision to terminate Culora. *See id*. MetroHealth's corrective action policy states that employee dishonesty may subject the employee to termination on the first offense and that an employee's "[i]ncompetence or failure to meet the reasonable standards required by the job" will subject her to progressive discipline culminating in termination. [Doc. 21-5 at 96, 99, 100.] Thus,

-4-

Case No. 1:09-CV-402
Gwin, J.

because no evidence indicates that MetroHealth's stated reason for terminating Culora was pretextual, her claims fail as a matter of law.

In sum, because Culora has failed to establish a prima facie case of discrimination, and also because she has failed to show that MetroHealth's stated reason for terminating her was pretextual, the Court **GRANTS** MetroHealth's summary judgment motion.

IT IS SO ORDERED.


Dated: August 10, 2010     s/ *James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE